**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4450**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL CLAUDIO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:09-cr-00057-FL-1)

Submitted:  August 24, 2011          Decided:  September 26, 2011

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deborrah Lynn Newton, NEWTON LAW, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Claudio (hereinafter "the Appellant") appeals his conviction and 105-month sentence for one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He raises five claims of error on appeal: (1) that the district court erred in denying his motion to reconsider the grant of the Government's motion to quash production of Maria Claudio's Alien File ("A-File"); (2) that the district court erred in denying the Appellant's motion to exclude evidence that he raped, assaulted, and intimidated his wife with a handgun; (3) that the court erred in imposing a two-level enhancement to his offense level; (4) that the court erred in upwardly departing from his advisory Guidelines range; and (5) that he received constitutionally ineffective assistance of counsel. We affirm.

I. Production of Maria Claudio's A-File

In ex parte proceedings, the Appellant sought his ex-wife's A-File, maintained by the Department of Homeland Security ("DHS"). While the district court ordered production, the court indicated that production might be delayed and that the court would need to review the materials in camera. Nevertheless, the Appellant did not request a continuance.

By the time Maria Claudio was to testify, DHS had not yet produced the A-File. The court concluded, however, that cross-examining Maria Claudio based on the materials the Appellant believed to be in the A-File would not be appropriate because the evidence was cumulative and would confuse the jury.

To the extent that this claim on appeal is a challenge to the court's inability to cause the production of the A-File before trial, the claim is waived. See David v. City of Los Angeles, 307 F.3d 1143, 1147 (9th Cir. 2002) (waiver of right to cross-examine when plaintiff elected to continue the hearing and not ask for a continuance when police officer did not appear).

To the extent that the Appellant claims error in the court's evidentiary ruling regarding the scope of cross-examination, we do not agree. We review the district court's limitations on the defendant's cross-examination of government witnesses for abuse of discretion. United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006). Here, the information that the Appellant sought to use on cross-examination was related to Maria Claudio's immigration status and her prior Violence Against Women Act ("VAWA") petitions. The gravamen of the Appellant's claim was that Maria Claudio was biased, planted evidence, and falsely claimed to have been abused in order to secure citizenship. The Appellant, however, was able to cross-examine Maria Claudio on all of these points, and we therefore

3

conclude that the court did not abuse its discretion in limiting the scope of the Appellant's cross to prevent cumulative and confusing evidence from coming before the jury.

## II. Denial of Motion to Exclude Certain Evidence

Next, the Appellant contends that the district court should have excluded evidence that the Appellant assaulted and raped Maria Claudio the day before she called police and firearms were discovered in their home, and evidence that the Appellant frequently intimidated Maria Claudio by pointing a 9-millimeter handgun at her and cocking it in the days before police discovered guns in the home. We review a district court's evidentiary rulings for abuse of discretion. United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009).

Federal Rule of Evidence 403 provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The damage that probative evidence can inflict on a defendant's case is no basis for excluding the evidence, however; only when that evidence results in unfair prejudice, such as an appeal to the jury's emotion, and that prejudice "substantially outweighs the probative value of the evidence," must it be excluded. United States v. Basham, 561 F.3d 302, 327 (4th Cir.), cert denied, 130 S. Ct. 3353 (2010). Where the jury is given a limiting

4

instruction, any fear that the jury will improperly use the evidence subsides.

Here, we conclude that this claim lacks merit. The challenged evidence was highly relevant to the offense charged, namely, possession of a firearm. Moreover, the evidence provided context to the jury regarding the reason why Maria Claudio called police, and helped to rebut the defense's theory that Maria Claudio planted incriminating evidence. Moreover, the district court gave the jury a curative instruction.

III. Obstruction Enhancement

The Appellant, whose base offense level was twenty pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2009), received a four-level enhancement pursuant to USSG § 2K2.1(b)(1)(B) for possessing between eight and twenty-four firearms, and a two-level obstruction of justice enhancement pursuant to USSG § 3C1.1 for allegedly perjuring himself during state court proceedings related to his unlawful possession of a firearm. Appellant objects to the obstruction enhancement.

According to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the

5

instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction; or (ii) a closely related offense[.]" USSG § 3C1.1. The application notes for § 3C1.1 specifically include the commission of perjury by a defendant as grounds for the enhancement. USSG § 3C1.1 cmt. n.4(b).

Here, the district court had ample evidence before it that the Appellant perjured himself in a related state court proceeding. The Appellant testified in that proceeding that he did not know there were guns in his home and that the guns all belonged to his brother. These statements flatly contradict testimony adduced at trial on the Appellant's federal charge that the district court credited. The perjury in state court was related to this case because it took place while the federal investigation was ongoing and was related to the same offense conduct. Thus, we conclude that the enhancement was appropriate.

IV. Upward Departure

The Appellant next claims error in the district court's conclusion that the Appellant's criminal history category of III significantly underrepresented the seriousness of his criminal history and its decision to upwardly depart to a Guidelines range derived from a criminal history category of IV.

6

When the district court imposes a departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Under USSG § 4A1.3(a)(1), the district court may upwardly depart from the Guidelines range if the court determines that "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes[.]"

The district court did not err by departing upwardly. The court noted that state rape and kidnapping charges were still pending against the Appellant at the time of sentencing, and thus were not properly accounted for in the presentence investigation report. Moreover, the court indicated that the Appellant has been prone to violence, that he frequently intimidated his wife by cocking a handgun behind her head, and noted that testimony indicated that he had shot one of his children with pellets. The court also noted the Appellant's prior convictions for extortion, resisting a public officer, assault on a female, and discharging a weapon into an occupied property. Under these circumstances, it was well within the

court's discretion to conclude that a criminal history category of III significantly underrepresented the seriousness of the Appellant's criminal history.

## V. Ineffective Assistance of Counsel

The Appellant finally claims that he received ineffective assistance of counsel at trial because his attorney failed to investigate or present evidence that he suffers from mental health problems and a brain deformity.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). To allow for adequate development of the record, ineffective assistance claims should be pursued in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record before the court does not conclusively establish ineffective assistance of counsel, we decline to entertain this claim on direct appeal.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED